**Isaac PACHECO, Petitioner,**

v.

**Eric H. HOLDER, Jr.,[1] United States Attorney General, Respondent.**

**No. 08–1419–ag.**

United States Court of Appeals, Second Circuit.

Nov. 9, 2009.

Paul O'Dwyer, New York, NY, for Petitioner.

Michael F. Hertz, Acting Assistant Attorney General, Civil Division; Richard M. Evans, Assistant Director; Nancy E. Friedman, Senior Litigation Counsel, Office of Immigration Litigation, United States Department of Justice, Washington, D.C., for Respondent.

PRESENT: RALPH K. WINTER, PIERRE N. LEVAL, JOSÉ A. CABRANES, Circuit Judges.

### *SUMMARY ORDER*

Isaac Pacheco, a native and citizen of Venezuela, seeks review of a February 25, 2008, order of the BIA affirming the December 5, 2005, decision of Immigration Judge ("IJ") Steven R. Abrams, which denied his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Isaac Pacheco,* No. A095 370 359 (B.I.A. Feb. 25, 2008), *aff'g* No. A095 370 359 (Immig. Ct. N.Y. City Dec. 5, 2005). We assume the parties' familiarity with the underlying facts and procedural history in this case.

When the BIA adopts the decision of the IJ and supplements the IJ's decision, this Court reviews the decision of the IJ as supplemented by the BIA. *See Yan Chen v. Gonzales,* 417 F.3d 268, 271 (2d Cir. 2005). Because neither the IJ nor the

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Eric H. Holder, Jr. is automatically substituted for

former Attorney General Michael B. Mukasey as respondent in this case.

BIA made an explicit credibility determination, we assume Pacheco's credibility. *See id.* at 271–72 (stating that this Court assumes, but does not determine, an applicant's credibility when the agency does not make an explicit credibility determination). This Court reviews the agency's factual findings under the substantial evidence standard. 8 U.S.C. § 1252(b)(4)(B); *see also Manzur v. U.S. Dep't of Homeland Sec.,* 494 F.3d 281, 289 (2d Cir.2007). We review *de novo* questions of law and the application of law to undisputed fact. *See, e.g., Salimatou Bah v. Mukasey,* 529 F.3d 99, 110 (2d Cir.2008).[2]

Pacheco based his asylum claim on his assertion that he both suffered past persecution and had a well-founded fear of future persecution on account of his sexual orientation and HIV status. To establish eligibility for asylum, an applicant must show that he has suffered past persecution, or that he has a well-founded fear of future persecution, on account of race, religion, nationality, membership in a particular social group, or political opinion. *See* 8 U.S.C. § 1101(a)(42). The Attorney General has recognized claims based on sexual orientation as falling under the "particular social group" category, *see Matter of Toboso–Alfonso,* 20 I. & N. Dec. 819, 822 (BIA 1990), and nexus was not an issue in this case. Rather, the agency found that Pacheco had not suffered past persecution and that he did not have a well-founded fear of future persecution. Pacheco challenges both findings and we address his arguments in turn.

This Court has defined "persecution" as "the infliction of suffering or harm upon those who differ on the basis of a protected statutory ground." *See Ivanishvili v.*

*U.S. Dep't of Justice,* 433 F.3d 332, 341 (2d Cir.2006). Pacheco argues that the agency erred in finding that the incidents to which he testified did not amount to past persecution.

Specifically, he asserts that, in addressing his claim, the agency omitted salient details of the incidents he described and thus could not have conducted the proper cumulative analysis. That argument is unavailing.

This Court will vacate the agency's finding if it ignores significant aspects of the applicant's testimony. *Tian–Yong Chen v. INS,* 359 F.3d 121, 128 (2d Cir.2004). However, we have rejected the notion that the agency must "expressly parse or refute on the record each individual argument or piece of evidence offered by the petitioner," *Jian Hui Shao v. Mukasey,* 546 F.3d 138, 169 (2d Cir.2008), and "presume that [the agency] has taken into account all of the evidence before [it], unless the record compellingly suggests otherwise," *Xiao Ji Chen v. U.S. Dep't of Justice,* 471 F.3d 315, 338 n. 17 (2d Cir.2006). Pacheco argues, essentially, that the Court should assume the agency ignored key aspects of his claim because it did not mention them in its decisions. However, the record does not suggest that this is the case, much less "compellingly" so. *See Xiao Ji Chen,* 471 F.3d at 338 n. 17. Indeed, the agency described the three incidents upon which Pacheco based his claim, even if not in precise detail.

To the extent Pacheco challenges the agency's ultimate determination that the events he described did not, taken separately or cumulatively, rise to the level of persecution, we also find no error. To be sure, the events Pacheco described are

---

**2.** The asylum application at issue in this case is governed by the amendments made to the Immigration and Nationality Act by the REAL ID Act of 2005, Pub.L. No. 109–13, 119 Stat. 231 (2005). *See* Title I, § 101(a)(3) of the Act, 119 Stat. 231, 303 (amending 8 U.S.C. § 1158); *See also Xiu Xia Lin v. Mukasey,* 534 F.3d 162, 165 (2d Cir.2008).

disturbing. That the IJ minimized those events, calling them "minor ... to say the least," is also disturbing. Yet, we are unable to find error in the agency's determination that these events did not rise above the level of harassment and discrimination such that they constituted persecution. *See Kambolli v. Gonzales,* 449 F.3d 454, 457 (2d Cir.2006) (citing *Fatin v. INS,* 12 F.3d 1233, 1240 (3d Cir.1993)) ("[P]ersecution does not encompass all treatment that our society regards as unfair, unjust, or even unlawful or unconstitutional.").

Pacheco also challenges the agency's conclusion that he did not establish a well-founded fear of future persecution.[3] To establish a well-founded fear of persecution, an applicant must show that he subjectively fears persecution and that this fear is objectively reasonable. *See Ramsameachire v. Ashcroft,* 357 F.3d 169, 178 (2d Cir.2004). We review the agency's factual findings concerning country conditions for substantial evidence. *See Passi v. Mukasey,* 535 F.3d 98, 101 (2d Cir.2008). Such findings are considered conclusive and will be affirmed if they are "supported by evidence that is reasonable, substantial, and probative when considered in light of the record as a whole." *See Jin Chen v. U.S. Dep't of Justice,* 426 F.3d 104, 113 (2d Cir.2005). Here, the agency found that the presence of gay organizations and gay individuals running for public office in Venezuela undermined Pacheco's claim. While the record may, as Pacheco argues, support the conclusion that there is widespread homophobia and related violence in Venezuela, we cannot find that the agency erred in its analysis, even if we would (or could) have drawn a different conclusion. As this Court has stated, "Where there are

two permissible views of the evidence, the factfinder's choice between them cannot be clearly erroneous. Rather, a reviewing court must defer to that choice so long as the deductions are not illogical or implausible." *Siewe v. Gonzales,* 480 F.3d 160, 167–68 (2d Cir.2007) (internal citations and quotations omitted).

Finally, Pacheco argues that the agency erred in finding that his several return trips to Venezuela undermine his subjective fear of persecution. Pacheco explains that his subjective fear is not undermined because he stopped taking these trips once he could no longer tolerate returning to Venezuela. He further argues that he did not apply for asylum at that time because he did not learn until later that he was eligible for asylum despite his HIV status. Despite Pacheco's explanations, the agency did not err in finding that such return trips undermined his subjective fear of persecution. *See Wensheng Yan v. Mukasey,* 509 F.3d 63, 68 n. 2 (2d Cir.2007) (finding the IJ reasonably relied on petitioner's multiple return trips to China in determining that his subjective fear of persecution was implausible); *cf. Uwais v. U.S. Atty. Gen.,* 478 F.3d 513, 519 (2d Cir.2007) ("The fact that [petitioner] would decide not to accompany her baby to meet his grandparents does not diminish the plausibility of her account; in fact, the choice could substantiate her personal fears of returning to Sri Lanka.").

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is

---

**3.** Pacheco rightly notes that the IJ's statement of the well-founded fear standard was muddled, if not outright erroneous. However, the BIA stated the correct standard and found Pacheco was ineligible for relief. Although

the BIA may not engage in fact-finding, 8 C.F.R. § 1003.1(d)(3)(i), it may review *de novo* an IJ's legal determination regarding eligibility, 8 C.F.R. § 1003.1(d)(3)(ii).

DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).